IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| GEICO GENERAL INSURANCE COMPANY, | § § § | Nos. 389, 2019 |
| Defendant Below, Appellant, | § § § | Court Below—Superior Court of the State of Delaware |
| v. | § § | C.A. No. N17C-03-242 |
| YVONNE GREEN, WILMINGTON PAIN & REHABILITATION CENTER, and REHABILITATION ASSOCIATES, P.A. on behalf of themselves and all others similarly situated, | § § § § § § § | |
| Plaintiffs Below, Appellees. | § § § | |

Submitted: September 24, 2019
Decided: October 8, 2019

Before **VALIHURA**, **SEITZ**, and **TRAYNOR**, Justices.

## **ORDER**

Upon consideration of the notice and supplemental notice of interlocutory appeal and the documents attached thereto, it appears to the Court that:

(1)     Plaintiffs Yvonne Green, Wilmington Pain & Rehabilitation Center, and Rehabilitation Associates, P.A filed a complaint, on behalf of themselves and others similarly situated, against GEICO General Insurance Company.  Plaintiffs alleged that GEICO used two computerized models to deny valid personal injury

protection ("PIP") claims of its insureds without evaluating the facts underlying the claims. Plaintiffs argued that this practice violated Delaware law and the terms of GEICO's insurance policies. After briefing and a hearing on Plaintiffs' motion for class certification, the Superior Court certified a class for the limited purpose of determining whether GEICO's use of the two different models was a breach of contract or bad faith breach of contract and to rule on a declaratory judgment.[1] The Superior Court ruled that it would not determine individual liability or damages.[2]

(2) On September 5, 2019, GEICO filed an application for certification of an interlocutory appeal. GEICO argued that the Superior Court's decision determined a substantial issue of material importance. As to the Rule 42(b)(iii) criteria, GEICO argued that the Superior Court decision: (i) involved a question of law decided for the first time in Delaware—certification of a contested PIP class action;[3] (ii) conflicted with decisions of the Superior Court, the United States District Court for the District of Delaware, and the United States Court of Appeals for the Third Circuit;[4] and (iii) related to the construction and application 21 *Del. C.* § 2118 and Superior Court Civil Rule 23, which has not been settled, but should be, before

---

[1] *Green v. GEICO Gen. Ins. Co.*, 2019 WL 4039609, at *12 (Del. Super. Ct. Aug. 27, 2019).
[2] *Id.*
[3] Supr. Ct. R. 42(b)(iii)(A).
[4] Supr. Ct. R. 42(b)(iii)(B).

an appeal from a final order.[5] GEICO also contended that review of the interlocutory order could terminate the litigation[6] and would serve the interests of justice.[7]

(3) Plaintiffs opposed the application for certification. They argued that GEICO's attacks on the Superior Court's analysis lacked merit and that the Superior Court's decision did not involve a novel question of law, did not conflict with other cases, and did not relate to the unsettled construction of 21 *Del. C.* § 2118 or Rule 23. Finally, they contended that interlocutory review would not terminate the litigation or serve considerations of justice.

(4) On September 23, 2019, the Superior Court granted the application for certification.[8] The Superior Court found that the class certification determined a substantial issue.[9] As to the Rule 42(b)(iii) criteria, the Superior Court concluded that the class certification arguably related to the construction of a statute and that interlocutory review could terminate the class portion of the litigation and would serve the interests of justice.[10]

(5) Applications for interlocutory review are addressed to the sound discretion of the Court.[11] In the exercise of our discretion and despite the Superior

---

[5] Supr. Ct. R. 42(b)(iii)(C).
[6] Supr. Ct. R. 42(b)(iii)(G).
[7] Supr. Ct. R. 42(b)(iii)(H).
[8] *Green v. GEICO Gen. Ins. Co.*, 2019 WL 4643937, at *4 (Del. Super. Ct. Sept. 23, 2019).
[9] *Id.* at *2.
[10] *Id.* at *3.
[11] Supr. Ct. R. 42(d)(v).

Court's granting of the application for certification, this Court has concluded that the application for interlocutory review does not meet the strict standards for certification under Supreme Court Rule 42(b). The case is not exceptional,[12] review of the order will not terminate the litigation,[13] and the potential benefits of interlocutory review do not outweigh the inefficiency, disruption, and probable costs caused by an interlocutory appeal.[14]

(6)     NOW, THEREFORE, IT IS ORDERED that the interlocutory appeal is REFUSED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[12] Supr. Ct. R. 42(b)(ii).
[13] Supr. Ct. R. 42(b)(iii)(G).
[14] Supr. Ct. R. 42(b)(iii)(G).